

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

99 SEP -2 PM 3: 52

SIGN_____
RICHARD T. MARTIN
CLERK

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ABDUL QADER MIZYED | : CIVIL ACTION FILE NO. 99-733 |
| | : |
| VERSUS | : SECTION B, MAGISTRATE 1 |
| | : |
| ARGOSY OF LOUISIANA, INC. | : |
| FORMERLY DBA THE BELLE OF | : |
| BATON ROUGE CASINO, CITY OF | : |
| BATON ROUGE and JOHN GONZALES | : |

### ANSWER

NOW INTO COURT, through undersigned counsel, comes defendant, Catfish Queen Partnership in Commendam (erroneously referred to in the petition as Argosy of Louisiana, Inc. formerly d/b/a The Belle of Baton Rouge Casino), who for answer to the plaintiff's complaint avers and pleads as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The cause of action sued upon has prescribed.

<u>THIRD DEFENSE</u>

Now, answering the particular allegations of the plaintiff's complaint, defendant avers and pleads as follows:

1.

The allegations contained in paragraph I. of the complaint are admitted insofar as they allege the name, status and domicile of Argosy of Louisiana, Inc., and are denied as to all other allegations.

2.

The allegations contained in paragraph II. are denied.

3.

The allegations contained in paragraph III. are denied as written. Further answering, defendant admits that on or about July 26, 1998, Abdul Qader Mizyed was on the premises operated by the defendant but all other allegations are denied.

4.

The allegations contained in paragraph IV. are denied as written. Further answering, defendant admits that Abdul Qader Mizyed attempted to obtain change while at defendant's premises.

5.

The allegations contained in paragraph V. are denied.

6.

The allegations contained in paragraph VI. are denied.

- 2 -

7.

The allegations contained in paragraph VII. are denied as written.  Further answering, defendant admits that Abdul Qader Mizyed was arrested by Baton Rouge City Police officers on July 26, 1998, and escorted off of defendant's premises by said officers.

8.

The allegations contained in paragraph VIII. are denied.

9.

The allegations contained in paragraph IX. are denied.

10.

The allegations contained in paragraph X. are denied.

11.

The allegations contained in paragraph XI. are denied as written.  Further answering, defendant states that any policy of insurance is a written contract, the contents of which are best evidenced by the document itself, and defendant denies the allegations to the extent they vary in any way from the written contract.  Defendant specifically denies that plaintiff was falsely imprisoned.

12.

The allegations contained in paragraph XII. are denied including subparts  a. through g.

13.

The allegations contained in paragraph XIII. are denied.

- 3 -

14.

The allegations contained in paragraph XIV. are denied.

15.

The allegations contained in paragraph XV. are denied including subparts 1. through

7.

******

And now, further answering plaintiff's petition, defendant avers that:

I.

Defendant denies any and all fault or liability to plaintiff in connection with the events

sued upon and shows that it breached no duty or obligation to plaintiff.

II.

Defendant avers that no one for whom it had any control or responsibility caused or

in any way contributed to the plaintiff's injury or alleged damages but same were due to plaintiff's

own fault and negligence in unlawfully attempting to resist or instigating, through his own aggressive

actions the events leading to his injury and/or that such alleged injuries and damages were caused or

contributed to by third persons over whom defendant had no control or authority and for whom this

defendant has no legal responsibility.

III.

Defendant denies the nature and extent of plaintiff's alleged injury.

IV.

Defendant prays for trial by jury on all issues herein.

- 4 -

WHEREFORE, defendant, Catfish Queen Partnership in Commendam, prays that its answer be deemed good and sufficient and after due proceedings, and trial by jury, that the plaintiff's complaint be dismissed, with prejudice at his own costs.

By Attorneys,

TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.

By _____

John Michael Parker  #10321
John Stone Campbell, III #23674
451 Florida Street, Suite 800
Post Office Box 2471
Baton Rouge, LA 70821
Telephone (225) 387-3221


- CERTIFICATE -

I certify that a copy of the foregoing was this day mailed, postage prepaid, to Mr. Kevin Patrick Monahan, Attorney at Law, 12016 Justice Avenue, Baton Rouge, Louisiana, 70816; and, Mr. James L. Hilburn, Special Assistant Parish Attorney, 10500 Coursey Boulevard, Suite 205, Baton Rouge, Louisiana, 70816.

Baton Rouge, Louisiana, this 2nd day of September , 1999.

_____
John Michael Parker

- 5 -