FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

99 DEC -3 PM 12: 47

SIGN_____NL_____
by DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ABDUL QUADER MIZYED | * | CIVIL ACTION NO. 99-733 |
| VERSUS | * | SECTION "B" |
| ARGOSY OF LOUISIANA, IN., ET AL | * | MAGISTRATE (1) |

## STATUS REPORT

**A. JURISDICTION**

1. What is the basis for the jurisdiction of the Court?

   Jurisdiction is based on 28 U.S.C. 1331.

**B. BRIEF EXPLANATION OF THE CASE**

1. Plaintiff's Claims:

   The plaintiff was seriously injured after being falsely accused of possession of stolen coins by Argosy, arrested on the Belle of Baton Rouge and severely beaten, thereafter, by officer(s) of the Baton Rouge Police Department. Specifically, Argosy erroneously concluded the plaintiff cashing stolen coins and through the use of subterfuge detained him on the vessel until he was arrested by John Gonzales of the Baton Rouge Police Department at 00:43 on July 27, 1998. The Plaintiff was <u>never</u> prosecuted for the supposed offense(s).

2. Defendant's Claims: Argosy of Louisiana

   Argosy denies any and all fault to the plaintiff as alleged in the complaint. Argosy states that all times its actions were prudent and reasonable and that plaintiff was never unlawfully detained by any Argosy employee at any time. Further, Argosy denies that any of its employees caused any bodily injury to plaintiff. Further, any claims against Argosy are prescribed. Alternatively, Argosy pleads the contributing fault of plaintiff and denies the nature and extent of plaintiff's alleged injury. Argosy has no motion pending at this time.

Defendant's Claims: City of Baton Rouge & John Gonzales

City of Baton Rouge and Officer John Gonzales deny that the plaintiff's constitutional rights were violated, and deny the specific factual allegations of the petition. Furthermore, City of Baton Rouge contends that the qualified immunity applies to the actions of its police officers.

3. List any pending motions, the basis of the motion(s), and the hearing date(s).

None.

C. **THE PRINCIPAL LEGAL ISSUES THE PARTIES DISPUTE ARE:**

Defendant: Argosy

   A. Whether or not the plaintiff's claim is prescribed as to Argosy; and,

   B. Whether or not Argosy is legally responsible for plaintiff's damages.

Defendant: City of Baton Rouge & John Gonzales

   1. Whether qualified immunity applies to the actions of the individual officers.

   2. Whether the officers acted reasonably under then-existing circumstances.

   3. Whether the plaintiff's constitutional rights were violated.

   4. The comparative fault of plaintiff.

   5. The damages, if any, suffered by the plaintiff.

   6. Whether the defendants are entitled to attorney's fees under 42 U.S.C. 1988.

B. **DAMAGES**

   1. Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset;

      a. Plaintiff's calculation of damages:

         1. Post concussion syndrome          $100,000.00

         2. False arrest                      $ 10,000.00

|   |   | 3. False imprisonment | $ 1,000.00 |
|---|---|---|---|

TOTAL $111,000.00

    b. Defendant's calculation of offset and/or plaintiff's damages:

       1. None.

    c. Counter-claimant/Cross-Claimant/Third Party's calculation of Damages:

    Not applicable

C. **SERVICE**

  1. Identify any unresolved issues as to waiver or service of process, personal jurisdiction subject matter jurisdiction, or venue?

  None.

F. **DISCOVERY**

  1. Briefly describe any discovery that has been completed or is in progress:

    a. By plaintiff:

       1. Plaintiff has propounded discovery to both defendants. Depositions of Donna Driscoll, Emily Milton, Corwin Mills and John Gonzales are anticipated.

    b. By defendant: Argosy plans the following discovery none of which is yet completed:

       1. Depositions of plaintiff and all witnesses to the events;

       2. Depositions of any of plaintiff's treating physicians; and,

       3. Written discovery will be propounded.

    c. By defendant: City of Baton Rouge & John Gonzales

       1. Defendant has submitted written discovery to plaintiffs.

2. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

   Defendant City of Baton Rouge & John Gonzales objects to discovery until qualified immunity has been resolved.

3. Discovery from Experts:

   Identify the subject **matter(s)** as to which expert testimony offered by:

   a. Plaintiff: (May call)

      1. Expert in Police brutality and/or Casino Security.

   b. Defendant: Argosy

      1. Argosy has not determined whether or not it will rely upon expert testimony at this time.

   c. Defendant: City of Baton Rouge & John Gonzales

      1. Defendants reserve the right to call an expert on police policies and procedure, depending upon whether the plaintiff names such an expert.

G. **PROPOSED SCHEDULING ORDER**

   1. Recommended **deadlines for adding new parties or claims:**

      Plaintiff: 60 days.

      Defendant: Argosy does not anticipate adding any parties or claims.

      Defendant: City of Baton Rouge & John Gonzales

         a. Filing motions to amend the complaint:
            December 31, 1999.

         b. Filing motions to add new parties:
            December 31, 1999.

         c. Filing motions to add new claims, counterclaims or cross claims:
            December 31, 1999.

2. **Completion of Discovery:** Dates by which each of the following shall be completed:

   a. Filing all discovery motions and complete all discovery except experts:

   April 28, 2000.

   b. **Disclosure** of identities and resumes of **expert witnesses** (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

      1. Plaintiff: May 1, 2000

      2. Defendant: June 1, 2000

   c. Exchange of expert reports:

      1. Plaintiff: June 1, 2000

      2. Defendant: July 31, 2000

   d. Completion of discovery from experts:

   August 31, 2000

   e. Final dispositive motions:

   September 15, 2000

H. **PRE-TRAIL AND TRIAL DATES**

   1. (a) Is this case ready of the **final pre-trial conference?**

      [ ] Yes   [X] No

      (b) Do the parties want the case assigned for a **final pretrial conference** now?

      [ ] Yes   [X] No

   2. Has a demand for trial by jury been made?

      [X] Yes   [ ] No

   3. Estimate the **number of days** that **trial** will require.

      2 days

I.  **OTHER MATTERS**

   Are there any other subjects covered by Rules 16 (b) and (c) or Rule 26 (c) of the Federal Rules of Civil Procedure, which the parties wish to address at the scheduling conference?

   [ ] Yes  [X] No  If answer is yes, please list:

J.  **ALTERNATIVE DISPUTE RESOLUTION ("ADR")**

   1. Several ADR techniques are available and may be helpful in your case. These include early neutral evaluation, voluntary arbitration\mediation through the Baton Rouge Bar Association, commercial arbitration\mediation, and summary jury trial. Do the parties wish to engage in alternative dispute resolution proceedings?

      [ ] Yes  [X] No

      If so, identify the ADR procedure(s) to be used:

      Not applicable.

   2. If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

      Plaintiff is willing to engage in Mediation.

K.  **SETTLEMENT**

   1. Please set forth what efforts, if any, the parties have made to settle this case.

      None.

   2. Do the parties wish to have a settlement conference:

      [ ] Yes  [X] No

L.  **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

   Indicate whether, at this time all parties will agree, pursuant to 28 U.S.C. 636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a magistrate judge of this court:

[ ] Yes   [X] No

Completed this 3rd day of Dec., 1999.

Respectfully submitted,

_____
KEVIN PATRICK MONAHAN (#1978)
12016 Justice Avenue
Baton Rouge, La. 70816
Telephone: (225) 291-4010
Bar Roll No. 01978
Attorney for Plaintiff
Abdul Quader Mizyed

**CERTIFICATE**

I hereby certify that a copy of the foregoing has been served upon all counsel to these proceedings by mailing a copy of same by first class United States mail, postage prepaid on this 3rd day of _____December_____, 1999.

_____
KEVIN PATRICK MONAHAN