ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

99 DEC -3 PM 2:18

SIGN_____ NL
by DEPUTY CLERK

| | |
|---|---|
| ABDUL QADER MIZYED | CIVIL ACTION |
| VERSUS | NUMBER: 99-733 |
| ARGOSY OF LOUISIANA, INC. FORMERLY DBA THE BELLE OF BATON ROUGE CASINO, CITY OF BATON ROUGE AND JOHN GONZALES | SECTION: B<br>MAGISTRATE: 1<br>DEFENDANTS REQUEST A JURY TRIAL |

## ANSWER

NOW INTO COURT, through undersigned counsel, come defendants, City of Baton Rouge ("City") and John Gonzales ("Gonzales"), who for response to plaintiffs' complaint deny each and every allegation contained therein except those that may be hereinafter admitted as follows:

### FIRST DEFENSE - FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff's complaint fails to state a claim upon which relief can be granted because there are insufficient factual allegations showing that defendants violated any of plaintiff's civil rights under the United States Constitution, or applicable federal law.

A violation of plaintiff's state created civil rights or liberties does not state a claim upon which relief can be granted by this Court.

3:99-cv-00733 5 - 1
DATE: 12/03/99     DEPUTY CLERK: kc

## SECOND DEFENSE - NO CONSTITUTIONAL DEPRIVATION OF LIFE, LIBERTY OR PROPERTY WITHOUT DUE PROCESS OF LAW.

Defendants did not deprive plaintiff of any vested liberty or property interests in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Plaintiff received all the process that was due him.

## THIRD DEFENSE - NO FOURTH AMENDMENT EXCESSIVE FORCE VIOLATION

Defendants did not use any force which was unnecessary or excessive under the circumstances or which rises to the level of a constitutional violation.

In the alternative, if force was used against plaintiff, then the only force used was that force reasonably necessary for defendants to bring plaintiff under control in order to protect the life and safety of plaintiff, and all others present and to maintain the security of the situation. It did not constitute any unnecessary and wanton infliction of pain.

## FOURTH DEFENSE - ABSOLUTE AND/OR QUALIFIED IMMUNITY

In the alternative, if any defendant is found by the Court to have violated plaintiff's civil rights, then each such defendant is immune from a judgment for damages because each defendant acted at all times reasonably and in good faith and in accordance with federal and state law and police department rules and regulations. Defendant's conduct did not violate any clearly established constitutional or statutory rights of plaintiff of which a reasonable person would have known. Said defendants further show that their beliefs in the lawfulness of their actions was a reasonable belief and for that reason they are

entitled to absolute and/or qualified immunity from liability under the provisions of Title 42 USC 1983.

## FIFTH DEFENSE - COMPARATIVE FAULT

In the alternative, if any defendant is found to have violated plaintiff's rights and is not entitled to the defense of qualified immunity, then plaintiff through intentional or negligent acts and failure to act as a reasonable person, contributed to his own injuries or damages.

## SIXTH DEFENSE - DENIAL OF RELIEF PRAYED FOR

Plaintiff is not entitled to injunctive, declaratory, or monetary relief.

Plaintiff is not entitled to attorney fees under 42 U.S.C. 1988.

IN FURTHER ANSWER:

1.

The allegations contained in paragraphs 2, 7, 8, 12, 13, & 14 denied.

2.

The allegations contained in paragraphs 3, 4, 5, 6, 9, 10, 11, & 15 are denied for lack of sufficient information to justify a reasonable belief therein.

3.

Defendants specifically deny any and all relief prayed for by the plaintiff.

4.

Defendants are entitled to recover reasonable expenses, including reasonable attorney fees, incurred for having to defend against this suit because is has no basis in law

or in fact and such would have been apparent to plaintiff upon reasonable inquiry.

5.

Defendants pray for trial by jury on all issues that may be tried by a jury.

WHEREFORE, defendants, City of Baton Rouge and John Gonzales, pray that judgment be rendered in favor of defendants, City of Baton Rouge and John Gonzales, dismissing plaintiff's complaint at his cost and awarding reasonable expenses, including attorney fees, to defendants.

By Attorneys:

MICHAEL E. PONDER
Parish Attorney

_____
JAMES L. HILBURN, T.A. (#20221)
Special Assistant Parish Attorney
10500 Coursey Blvd., Suite 205
Baton Rouge, LA 70816
Telephone: 225/389-8730

## CERTIFICATE

I hereby certify that a copy of the foregoing has this day been mailed, postage prepaid to Kevin P. Monahan, Attorney at Law, 12016 Justice Ave., Baton Rouge, LA 70816 and John Campbell, Jr., Attorney at Law, 451 Florida Street, 8th Floor, Baton Rouge, LA 70801.

Baton Rouge, Louisiana, this 3rd day of December, 1999.

_____
JAMES L. HILBURN